UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| JONATHAN ANTHONY HALL, | Civil No. 08-4834 (PJS/JSM) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| JOAN FABIAN, Commissioner of Corrections, and LORI SWANSON, Minnesota Attorney General, | |
| Respondents. | |

_____

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I.    BACKGROUND

In January 2002, Petitioner was convicted in the state district court for Ramsey County, Minnesota, for criminal sexual conduct. He was sentenced to 144 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

_____

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed an appeal.  Petitioner's appeal challenged his conviction and sentence on several grounds, including ineffective assistance of counsel.  According to the present petition, the "appeal [was] dismissed and remanded for post conviction proceedings; no limitation on issues in any future appeal." (Petition, p. (3), ¶ 9(d).)  This presumably means that Petitioner's direct appeal was dismissed without prejudice, so that he could raise his ineffective assistance of counsel claims in a post-conviction motion under Minn. Stat. § 590.01, and then resume his appeal, (if necessary), after the trial court addressed his ineffective assistance of counsel claims.  Thus, as a practical matter, Petitioner's direct appeal was simply continued while he pursued his ineffective assistance of counsel claims in a post-conviction motion.[2]

Petitioner then did file a post-conviction motion with the trial court, which presented several claims of ineffective assistance of counsel.  The post-conviction motion was denied on June 2, 2003, and Petitioner thereafter renewed his appeal to the Minnesota Court of Appeals.  In that renewed appeal, Petitioner raised the ineffective assistance of counsel claims that had been denied by the trial court in the post-conviction proceedings.  Petitioner also claimed that the trial court erred during the original trial proceedings, by (a) failing to

_____

[2] The practice of interrupting a direct appeal, to allow a defendant to raise ineffective assistance of counsel claims in a post-conviction motion, is well established in Minnesota. As explained by the Minnesota Court of Appeals:

> "Appellate courts generally grant motions to stay or dismiss direct appeals to allow appellants to further develop ineffective-assistance-of-counsel claims during postconviction proceedings.... [Citations omitted.] Appellate courts will then allow the parties to raise all issues on appeal after the conclusion of the postconviction proceedings, if necessary.

State v. Broden, No. A05-1584 (Minn.App.,2007), 2007 WL 2601425 (unpublished opinion), at *1, n. 1.

2

strike an allegedly biased juror, and allowing prospective jurors to hear arguments over a peremptory strike, (b) failing to properly rule on the admissibility of certain evidence, and (c) allowing certain parts of the victim's diary to be admitted as evidence.

On September 19, 2006, the Minnesota Court of Appeals handed down a decision that rejected all of Petitioner's claims on the merits. Hall v. State, No. A05-2017 (Minn.App. 2006), 2006 WL 2674493 (unpublished opinion). Petitioner applied to the Minnesota Supreme Court for further review of his claims, but that application was denied on December 12, 2006. Id.

Petitioner's current habeas corpus petition was received and filed by the Clerk of Court on August 4, 2008. However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on June 25, 2008, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume, for Petitioner's benefit, that he delivered his petition for mailing on the same date that he signed it, namely on June 25, 2008, and that will be deemed to be the filing date for this action.[3]

The current petition lists four claims for relief, which appear to be the same claims raised in Petitioner's state court appeal:

---

[3] Needless to say, the Court is giving Petitioner the benefit of a most generous assumption, because, in fact, it appears highly unlikely that Petitioner delivered his petition to prison authorities for mailing on June 25, 2008, when the petition did not actually arrive in the Clerk's Office until August 4, 2008. Nevertheless, for present purposes only, this action will be deemed to have been filed on June 25, 2008.

(1) that Petitioner was deprived of his constitutional right to effective assistance of counsel;

(2) that Petitioner was deprived of his constitutional right to a fair trial, because of alleged errors during the jury selection process;

(3) that Petitioner was deprived of his constitutional right to a fair trial, because certain allegedly exculpatory evidence was not admitted; and

(4) that Petitioner was deprived of his constitutional right to a fair trial, because of the manner in which certain evidence from a diary was admitted into evidence.

(Petition, pp. (5) - (6), ¶ 12.)  None of these claims will be addressed on the merits, however, because this action is time-barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II.    DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any suggestion that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his petition for further review on December 12, 2006. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the

one-year habeas statute of limitations began to run, on March 12, 2007 – 90 days after the Minnesota Supreme Court upheld his conviction on direct appeal. The statute of limitations deadline for seeking federal habeas corpus relief expired one year later, on March 12, 2008.

However, Petitioner's current petition was not filed until June 25, 2008, (see p. 3, supra), which was more than three months after the § 2244(d) one-year limitation period had expired. Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.

The Court has considered the applicability of 28 U.S.C. § 2244(d)(2), which stops the statute of limitations from running while state post-conviction proceedings are pending. The tolling provisions of § 2244(d)(2) cannot aid Petitioner here, however, because his direct appeal and post-conviction appeal were, in effect, consolidated, and both appeals, (if they can be considered to be separate in some way), ended at the same time. Simply put, even under § 2244(d)(2), the federal statute of limitations could not have begun to run in this case any later than March 12, 2007.

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. The Eighth Circuit Court of Appeals has recognized that the habeas corpus statute of limitations is subject to equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir.

6

2001) (emphasis added).   "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"   <u>Id</u>. at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).   Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance.   <u>Kruetzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001).   Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not even suggested that there are any "extraordinary circumstances" that would warrant equitable tolling in this case.   It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction."   321 F.3d at 772.   Thus, the Court finds that Petitioner has not shown the type of "extraordinary circumstances" that would permit the statute of limitations to be equitably tolled.

Because it plainly appears that the instant petition is time-barred under 28 U.S.C. § 2244(d), it is recommended that this action be summarily dismissed pursuant to Rule 4.  Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that the petition be dismissed with prejudice.

Having determined that this action must be summarily dismissed pursuant to the applicable statute of limitations, the Court will further recommend that Petitioner's pending application to proceed <u>in forma pauperis</u>, (IFP), be summarily denied.   <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996)

7

(per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.  This action be DISMISSED WITH PREJUDICE.

Dated:       August 8, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 26, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.